**In re STEPHANIE.**

**No. 94–540–Appeal.**

Supreme Court of Rhode Island.

June 21, 1995.

Anthony E. Angeli, Jr. (Dept. of Children, Youth and Families), Frank P. Iacono, Jr. (Court Appointed Sp. Advocate), and Valentino Lombardi, North Providence, for plaintiff.

Richard Casparian, Public Defender and Paula Rosin, Asst. Public Defender, for defendant.

OPINION

PER CURIAM:

This case came before us for oral argument May 16, 1995, pursuant to an order that had directed all parties to appear in order to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues should be summarily decided.

The respondent mother has appealed from a Family Court decree terminating her parental rights to her daughter, Stephanie. The father has sought review of the same decree terminating his parental rights to his daughter by petition for certiorari. Both cases were consolidated for oral argument, but the father did not appear even though notice of the hearing date had been given to him.

The evidence in this case clearly indicates that both parents have suffered from serious mental illness. The mother had been institutionalized on a number of occasions, suffering from delusions and hallucinations. The child was removed from parental care within one week following her birth. She is now four and one-half years old and has been in a foster home since she was taken from her birth parents.

It is undisputed that the mother has been diagnosed as experiencing a schizoaffective disorder. In spite of the mother's numerous hospital admissions, this disorder has not been cured. Moreover, the mother has consistently failed to take prescribed medications. The Department of Children, Youth and Families (DCYF) has made significant efforts to reunify the family and to assist the mother toward recovery but has been unable to do so.

The trial justice found that both parents were not fit owing to mental or emotional illness, that DCYF made reasonable efforts to reunite the family, and that the integration of Stephanie into her parents' home was improbable in the foreseeable future.

The respondent mother objected to the admission of notes of a DCYF social worker named Irene Kairnes on the ground that these notes were hearsay. Kairnes was unable to testify at the trial because of a serious illness. The trial justice admitted the notes pursuant to Rule 804(b)(5) of the Rhode Island Rules of Evidence on the ground that the notes were necessary in order for her to fairly decide the case. The notes covered two years of activity by the social worker in respect to this child. In addition to the notes, significant medical records were admitted relating to the mother's mental illness. We presume that the trial justice, in examining these notes, would be sufficiently capable in terms of training and experience to take into consideration only those portions of the notes that would be reliable and probative of the issues relating to the mother's conduct in respect to the child and to DCYF.

An examination of the evidence of the case leads us to conclude that the trial justice's determination of parental unfitness on the part of both parents was amply supported by largely undisputed evidence. In light of the mental condition of these parents, the trial justice was correct in her determination that conditions were unlikely to allow a reunification of this child with her parents in the foreseeable future.

Consequently the appeal of the respondent mother is denied and dismissed. The petition for certiorari of the father is denied and the writ heretofore issued is quashed. The judgment of the Family Court terminating the parental rights of the mother and the father is affirmed. The papers in the case may be remanded to the Family Court.

BOURCIER, J., did not participate.